| iTHIBODEAUX, Judge,
dissenting in part.
I dissent from the majority’s conclusion that La.Code Crim.P. art. 681 does not provide a mechanism for the recusal of the attorney general. I believe it does.
While Article 681 refers specifically to a “district attorney,” it is found in Chapter II of Title XXII of the Louisiana Code of Criminal Procedure. The heading of Chapter II states “Recusation of District Attorney; District Attorney Ad Hoc.” Louisiana Code of Criminal Procedure Article 682 allows the attorney general to appoint a member of his staff to act in place of the recused district attorney. In this instance, Rick Bryant, the district attorney of Calcasieu Parish, voluntarily recused himself. Subsequently, the office of the attorney general undertook the prosecution 12of this case. That office had all the powers of the recused district attorney and assumed the position of a district attorney ad hoc. The title to Chapter II suggests that the district attorney ad hoc is placed in the same position as that of the recused district attorney. Consequently, it seems that La.Code Crim.P. art. 681 allows the filing of a motion to recuse an attorney general under the circumstances of this case and that motion should be “tried in a contradictory hearing.” La.Code Crim.P. art. 681.
Because of the views expressed above, I would remand for a hearing on this point alone. I would allow Mr. Huey T. Littleton to reurge his motion with another attorney in a contradictory hearing.